1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10   BARRY STREET,                    )       No. EDCV 12-0061 CAS (FFM)
                                      )
11                   Petitioner,      )       ORDER TO SHOW CAUSE WHY
                                      )       PETITION SHOULD NOT BE
12          v.                        )       DISMISSED AS TIME-BARRED
                                      )       AND/OR UNEXHAUSTED
13   BRENDA CASH, Warden,             )
                                      )
14                   Respondent.      )
                                      )
15   ─────────────────────────       )

16        Petitioner, a prisoner in state custody proceeding *pro se*, constructively

17   filed[1] a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") no earlier than

18   November 9, 2011.[2]  Petitioner challenges a 1996 conviction and sentence for

19   "manufacturing/child endangerment/poss. of firearm."  (Pet. at 2.)  Petitioner

20   alleges that he did not seek direct review of his conviction with the California

21   ─────────────────────

22   [1]     A *pro se* prisoner's relevant filings may be construed as filed on the date
     they were submitted to prison authorities for mailing, under the prison "mailbox
23   rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245
24   (1988).

25   [2]     The Court received the Petition on January 11, 2012.  However, petitioner's
26   signature on the Petition is dated October 19, 2011 and a written statement on the
     envelope states that petitioner "sent out" the Petition on November 9, 2011, but
27   that the envelope was damaged by the Post Office and, apparently, returned.
28   Petitioner states that he sent the Petition out again on December 19, 2011.

Supreme Court.  (Pet. at ¶ 4.)  Petitioner also alleges that he filed a habeas petition in state court (apparently Los Angeles County Superior Court) on October 3, 2011 and that the petition was denied on October 31, 2011.  (*Id*. at ¶6.)

Petitioner's allegations notwithstanding, the Court has reviewed the web site for the California Supreme Court and discovered that on November 3, 1997, petitioner filed with the California Supreme Court a petition for review of the Court of Appeal decision affirming his conviction.[3]  The California Supreme Court denied review on December 10, 1997.

## 1.    LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling.  *See* 28 U.S.C. § 2244(d)(1).  For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition.  *See Clay v. United States*, 537 U.S. 522, 527-32 and ns. 3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

---

[3]    *See* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1797247&doc_no=S065507

1   In this case, petitioner does not appear to have filed a *certiorari* petition in
2   the United States Supreme Court.  (*See* Petition.)  Thus, under section
3   2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the
4   petition for review by the California Supreme Court.  *See Clay*, 537 U.S. at 527-
5   32 and ns.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1.  Although petitioner states
6   that he did not seek review before the California Supreme Court, the California
7   Supreme Court actually denied petitioner's petition for review on direct review
8   on December 10, 1997.  Therefore, petitioner's conviction became final on March
9   10, 1998.  Accordingly, the one-year limitations period expired on March 10,
10   1999.  *Patterson*, 251 F.3d at 1245-47.  Because petitioner did not initiate the
11   current proceedings until no earlier than November 9, 2011, the present action is
12   untimely, absent statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed.
13   R. Civ. Proc. 6(a).

14   **2.      STATUTORY TOLLING**

15   Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a
16   properly filed application for state post-conviction or other collateral review with
17   respect to the pertinent judgment or claim is pending shall not be counted toward
18   any period of limitation under this subsection."

19   The statute of limitations is not tolled between the date on which a
20   judgment becomes final and the date on which the petitioner filed his first state
21   collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d
22   1003, 1006 (9th Cir. 1999).  Once an application for post-conviction review
23   commences, it is "pending" until a petitioner "complete[s] a full round of [state]
24   collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)
25   (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "One full round"
26   generally means that the statute of limitations is tolled while a petitioner is
27   properly pursuing post-conviction relief, from the time a California prisoner files
28   his first state habeas petition until the California Supreme Court rejects his final

3

1  collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153

2  L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at

3  819.  The period tolled includes the time between a lower court decision and the

4  filing of a new petition in a higher court, as long as the intervals between the

5  filing of those petitions are "reasonable."  *Delhomme*, 340 F.3d at 819 (citing

6  *Biggs*, 339 F.3d at 1048 n.1).

7       Here, petitioner does not appear to be entitled to any statutory tolling.

8  Petitioner alleges that he filed a state habeas petition (case no. WHCSS 1100436)

9  in the California Superior Court.  Petitioner alleges that he filed that petition on

10  October 3, 2011.  (Pet. at 3.)

11       By the time petitioner filed his state habeas petition, over 12 years had

12  passed since March 10, 1999, the date on which petitioner's conviction became

13  final.  As such, petitioner's state habeas petition could not have tolled the statute

14  of limitations because the limitation period had already expired before he filed

15  that petition.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

16  ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has

17  ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003

18  (9th Cir. 2000) (holding that state habeas petition filed after expiration of AEDPA

19  limitation period could not toll limitation period "because the limitations period

20  had already run"); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003)

21  (application of section 2244(d)(2) "'tolling provision does not . . . 'revive' the

22  limitations period (i.e., restart the clock at zero); it can only serve to pause a clock

23  that has not yet fully run'") (citation omitted).

24  **3.  EQUITABLE TOLLING**

25       The AEDPA limitations period also may be subject to equitable tolling, if

26  the petitioner shows that extraordinary circumstances beyond the petitioner's

27  control made timely filing of a federal habeas petition impossible *and* the

28  petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, __ U.S.

1  __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the

2  burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292

3  F.3d 1063, 1065 (9th Cir. 2002).

4       Petitioner attached correspondence to his Petition asking for tolling

5  because he did not have access to "up-to-date" legal materials until recently.

6  However, this statement does not demonstrate that extraordinary circumstances

7  beyond petitioner's control made timely filing of a federal habeas petition

8  impossible and that petitioner has acted diligently in pursuing his rights.

9  Petitioner wholly fails to explain what "up-to-date" materials were unavailable

10 and why they were necessary to prepare his Petition. Moreover, petitioner has

11 made no showing of diligence, therefore, petitioner has not demonstrated that he

12 is entitled to equitable tolling.

13 **4.    FAILURE TO EXHAUST**

14     A.    <u>The Court may not consider a petition that includes unexhausted</u>

15         <u>claims.</u>

16      Under the Antiterrorism and Effective Death Penalty Act of 1996

17 ("AEDPA"), a federal court will not grant a state prisoner's petition for writ of

18 habeas corpus unless it appears that the petitioner has fully exhausted available

19 state court remedies with respect to each of the issues presented, or, unlike the

20 instant case, the state has expressly waived the exhaustion issue. *See* 28 U.S.C.

21 §§ 2254(b), (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 119 S. Ct.

22 1728, 144 L. Ed. 2d 1 (1999); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198,

23 71 L. Ed. 2d 379 (1982); *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887,

24 130 L. Ed. 2d 865 (1995) (*per curiam*). State remedies have been exhausted if a

25 petitioner has "fairly presented" each federal claim to the highest state court with

26 jurisdiction to review it, and a claim has been "fairly presented" if a petitioner has

27 set forth both the operative facts and the federal legal theory on which the claim

28 is based. *See, e.g., Duncan*, 513 U.S. at 365-66; *Anderson v. Harless*, 459 U.S. 4,

6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).  A petitioner may also alert the state court to the federal basis of his claim by citing "a case deciding such a claim on federal grounds . . . ." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *Davis*, 511 F.3d at 1011.

The petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See*, *e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).  However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions.  *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003).

B.    The Petition appears to be unexhausted.

Petitioner incorrectly states that he has not presented any claims to the California Supreme Court.  (*See* Pet. at ¶¶ 4 and 6.)  As shown above, however, petitioner did seek review with the California Supreme Court in 1997.  It may be that the state sentencing claim which he presents herein was presented to the California Supreme Court in 1997.  However, from the face of the Petition, it appears that petitioner's claim is unexhausted.  Moreover, petitioner has not suggested that his claim is based on federal law.  It appears from the Petition that petitioner's sole claim is based only on an alleged misapplication of state sentencing law.  Unless petitioner presented a federal legal theory to the California Supreme Court, the claim is unexhausted.

/ / /

/ / /

C.    <u>Neither exception to the exhaustion requirement is applicable.</u>

AEDPA provides that the Court may consider an unexhausted claim if "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).  Thus, if it were clear here that petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion requirement would be satisfied.  *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996).  However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claim is procedurally barred under state law, if petitioner were to raise it in a habeas petition to the California Supreme Court (which, being an original proceeding, is not subject to the same timeliness requirement as a petition for review of a California Court of Appeal decision). *See*, *e.g.*, *In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that there is neither an absence of available state corrective process nor an existence of circumstances that render such process ineffective.

**5.    ORDER TO SHOW CAUSE**

Because the Petition does not demonstrate any basis for tolling the statute and it appears that the claim is unexhausted, the Court orders petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed as time-barred and/or dismissed for failure to exhaust.  If

/ / /

/ / /

/ / /

1   petitioner fails to provide a timely response to this order, the Court will

2   recommend that the Petition be dismissed as time-barred and/or for failure to

3   exhaust.

4          IT IS SO ORDERED.

5

6   DATED:  January 19, 2012

7                                                          /S/ FREDERICK F. MUMM
                                                          FREDERICK F. MUMM
8                                                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28